# IN THE SUPREME COURT OF THE STATE OF DELAWARE

CITY OF MIAMI GENERAL EMPLOYEES' AND SANITATION EMPLOYEES' RETIREMENT TRUST, on behalf of itself and on behalf of all others similarly situated,

Plaintiff Below,
Appellant,

v.

JERRY M. COMSTOCK, JR., as Independent Executor of the Estate of Joshua E. Comstock, RANDALL C. MCMULLEN, DARREN M. FRIEDMAN, ADIANNA MA, MICHAEL ROEMER, C. JAMES STEWART, III, H.H. "TRIPP" WOMMACK, III, THEODORE "TED" MOORE, NABORS INDUSTRIES LTD., and MORGAN STANLEY & CO. LLC,

Defendants Below,
Appellees.

§
§ No. 482, 2016
§
§
§ Court Below: Court of
§ Chancery of the State of
§ Delaware
§
§ C.A. No. 9980
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Submitted: March 1, 2017
Decided: March 23, 2017

Before **STRINE**, Chief Justice; **HOLLAND, VALIHURA, VAUGHN,** and **SEITZ**, Justices, constituting the Court *en Banc*.

## ORDER

This 23rd day of March 2017, we affirm largely on the basis of the decision of the Court of Chancery dated August 24, 2016.[1]  There are two grounds on which we do not fully embrace the Court of Chancery's reasoning

---

[1] *City of Miami Gen. Employees v. Comstock*, 2016 WL 4464156 (Del. Ch. Aug. 24, 2016).

but agree with its ultimate result, given the arguments and record presented to it. To wit, on appeal, the plaintiff has sharpened its disclosure arguments on two points in order to give more substance to those arguments than it provided to the Court of Chancery. Even with this sharpening, however, the plaintiff failed to show that the two omitted items were material, in view of the undisputed record that the go-shop process involved a broad outreach to every plausible bidder, the investment bank running the go-shop process had a large incentive to get a superior deal, and the plaintiff has failed to plead facts supporting a rational inference that the one bid made would have been regarded as material. The plaintiff has pled no fact supporting the inference that the one bid was financially superior, much less that the bidder was willing to raise its bid to a level that was in fact superior to the Nabors deal. Although the plaintiff has done a far better job on appeal than below, that is problematic in itself. Ultimately, the allegations of the complaint are what are relevant to our analysis, and the complaint does not contain pled facts supporting inferences that the proxy statement was materially misleading.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED. The period for filing a motion for reargument is shortened to five days.[2]

BY THE COURT:

_____
Justice

---

[2] Supr. Ct. R. 18.